UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **ROBERT J. JACOB, JR.**<br>    **LA. DOC #469470**<br>**VS.** | **CIVIL ACTION NO. 3:14-cv-0838**<br><br>**SECTION P**<br><br>**JUDGE ROBERT G. JAMES** |
| **JOHNNY CREED, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Robert J. Jacob, Jr., proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on April 17, 2014. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections. He is incarcerated at the Jackson Parish Correctional Center; however, he complains that he was denied appropriate medical care while he was incarcerated at the Richwood Correctional Center (RCC). He sued Johnny Creed, the Chief Operations Officer of LaSalle Management Co., former RCC Warden Keith Deville, current warden Ray Hanson, and Nurse Roberts. Plaintiff prays for money damages. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted and that any remaining State law claims be **DISMISSED WITHOUT PREJUDICE.**

*Statement of the Case*

On May 15, 2013, plaintiff, while incarcerated at RCC, was injured in a fight with a fellow inmate. He was transported to a hospital in Monroe where it was discovered that the little

finger on his right hand and his right wrist were fractured. He was given Lortab ®[1] for pain and transported to the LSU Medical Center in Shreveport where an orthopedic surgeon inserted a pin in his finger and placed him in a cast to immobilize his wrist in anticipation of surgery scheduled for May 23, 2013. Plaintiff was given a prescription for Lortab® and returned to RCC; however, Nurse Roberts advised plaintiff that he would not receive Lortab® "at her jail" and she substituted Ibuprofen 600[2] twice a day.

Plaintiff was placed in a "special management" cell pending a disciplinary hearing. He remained in that cell for 17 days and verbally complained of "extreme" pain. He was again advised that RCC does not allow inmates to take narcotic medications such as Lortab®; however, he was provided Ibuprofen 600.

---

[1] Lortab® combines hydrocodone and acetaminophen as pain relievers. Hydrocodone is available only in combination with other ingredients, and different combination products are prescribed for different uses. Some hydrocodone products are used to relieve moderate to severe pain. Hydrocodone is in a class of medications called opiate (narcotic) analgesics. Hydrocodone relieves pain by changing the way the brain and nervous system respond to pain. Acetaminophen is used to relieve mild to moderate pain. Acetaminophen may also be used to relieve the pain of osteoarthritis (arthritis caused by the breakdown of the lining of the joints). Acetaminophen is in a class of medications called analgesics (pain relievers) and antipyretics (fever reducers). It works by changing the way the body senses pain and by cooling the body. <u>Medline Plus</u>, a service of the U.S. National Library of Medicine, National Institutes of Health, Drugs & Supplements, http://www.nlm.nih.gov/medlineplus/druginfo/meds/a601006.html and http://www.nlm.nih.gov/medlineplus/druginfo/meds/a681004.html

[2] Ibuprofen is used to relieve pain, tenderness, swelling, and stiffness caused by osteoarthritis (arthritis caused by a breakdown of the lining of the joints) and rheumatoid arthritis (arthritis caused by swelling of the lining of the joints). It is also used to relieve mild to moderate pain, including menstrual pain (pain that happens before or during a menstrual period). Nonprescription ibuprofen is used to reduce fever and to relieve minor aches and pain from headaches, muscle aches, arthritis, menstrual periods, the common cold, toothaches, and backaches. Ibuprofen is in a class of medications called NSAIDs. It works by stopping the body's production of a substance that causes pain, fever, and inflammation. *Id.*, http://www.nlm.nih.gov/medlineplus/druginfo/meds/a682159.html

Plaintiff returned to LSU Medical Center on May 23, 2013. Dr. Hollister, the orthopedic surgeon, performed out-patient surgery. Plaintiff was released and again prescribed Lortab® by his orthopedic surgeon.  Plaintiff advised his physician that the prison would not permit him access to that medication; however, his physician advised plaintiff that Lortab® was required because of the amount of pain and swelling that plaintiff would experience and would also allow plaintiff to sleep which would aid the healing process. Nevertheless, upon his return to RCC, the medication was not provided.

On May 29, 2013, plaintiff returned to LSU Medical Center for x-rays. He was given a Lortab® at the hospital when he complained of pain and provided another prescription for the drug. However, the prison again did not permit use of the drug.

On June 19, 2103, the pin was removed from plaintiff's finger. On July 10, 2013, plaintiff was taken to LSU Medical Center for unspecified "therapy." On August 7, 2013, the pin was removed from plaintiff's wrist. Plaintiff complained to the orthopedic surgeon about pain and sleeplessness but Corrections Officer Harvey advised the physician that Lortab® was not allowed at RCC.  Plaintiff's complaints to RCC and the DOC were ignored.

On October 31, 2013, plaintiff was transferred to JPCC and his "follow-up therapy appointments have ceased because [his] medical records were not sent ... with him..." According to plaintiff, RCC failed to carry out the treatment and provide the medications prescribed by the medical official/specialist and instead substituted their own judgment with regard to pain management.

*Law and Analysis*

*1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

*2. Medical Care*

Plaintiff is an inmate in the custody of the LDOC. He complains that he was denied a narcotic pain reliever prescribed by a physician at the LSU Medical Center to relieve post-surgical pain. The constitutional right of a convicted prisoner to prompt and adequate medical care is based upon the Eighth Amendment's prohibition of cruel and unusual punishment.  In order to establish an actionable violation of the Eighth Amendment,  the prisoner plaintiff must

4

allege facts tending to establish that the defendants were deliberately indifferent to his serious medical needs and safety. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir.2001). A showing of deliberate indifference with regard to medical treatment requires the inmate to submit evidence that prison officials " 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.' " *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citation omitted). Disagreement with medical diagnosis or treatment does not state a claim under the Eighth Amendment. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997), citing *Young v. Gray*, 560 F.2d 201, 201 (5th Cir.1977); *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir.1985).

Plaintiff acknowledges that he was refused narcotic pain relievers because of prison policy. Non-narcotic pain relievers were supplied, however. It thus appears that plaintiff's claim amounts to no more than a mere disagreement with the course of treatment provided, and not deliberate indifference. *Dimazana*, 122 F.3d at 292; see also *Baez v. I.N.S.*, No. 06–30112, 2007 WL 2438311, at *2 (5th Cir. Aug.22, 2007) (per curiam) (unpublished) (substitution of non-narcotic pain prescription because of prison policy prohibiting narcotics fails to state deliberate indifference); *Williams v. Bearry*, No. 00–60731, 2001 WL 1085197, at *3 (5th Cir. Sept.7, 2001) (per curiam) (unpublished) (prison doctor is a primary physician and not required to follow consulting surgeon's exact regimen); *Thomas v. Seago*, No. G05–0431, 2009 WL 242311, at *7–8 (S.D.Tex. Jan.30, 2009) (unpublished) (substitution of non-narcotic medication for Tylenol # 3 by unit doctor due to the fact narcotics cannot be kept on person is not deliberate indifference); *Laws v. Lawson*, No. H–07–3072, 2008 WL 4414371, at *3 (S.D.Tex. Aug.23,

2008) (unpublished) (disagreement about appropriateness of Ibuprofen for medical condition does not state a claim of deliberate indifference).

Finally, even if the defendants erred, such error, if any, should be considered negligence and not deliberate indifference, and "... [m]ere negligence, neglect, or medical malpractice" do not constitute deliberate indifference. *Varnado v. Lynaugh*, 920 F.2d 320 at 321. Even "gross negligence" does not establish deliberate indifference. *Hernandez v. Tex. Dep't of Prot. and Reg. Servs*., 380 F.3d 872, 882 (5th Cir. 2004).  In other words, his medical care complaint fails to state a claim for which relief may be granted and dismissal on that basis is appropriate.

Plaintiff also invokes pendent jurisdiction with regard to State law claims – presumably negligence and/or malpractice. However, "...in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, at 350, n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted; it is further **RECOMMENDED THAT** the Court decline to exercise pendent jurisdiction over any State law claims and that those claims be **DISMISSED WITHOUT PREJUDICE.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation

to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, May 12, 2014.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**